# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLAN FRANK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIPS & COHEN<br><br>ASSOCIATES, LTD.<br><br>　　　　Defendant. | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

COMES NOW the Plaintiff, ALLAN FRANK, by and through his attorney, KATE SHUMAKER, and for his Complaint against the Defendant, PHILLIPS & COHEN ASSOCIATES, LTD., Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

2. Defendant conducts business in the state of Delaware, and therefore, personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

**PARTIES**

5. Plaintiff is an adult individual who resides at 24 Old State Road 67 in Oxford, Connecticut 06478.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Aspire Card in the amount of which Defendant has claimed to be $2,187.53.

8. Defendant is a national debt collection company with its principal place of business at 1002 Justison Street in Wilmington, Delaware 19801.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

# PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §§ 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

14. At all pertinent times hereto, Defendant was allegedly hired to collect a consumer debt on behalf of Portfolio Asset Group, originally owed to Aspire Card.

15. The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

16. On or about October 27, 2009, Defendant sent correspondence to Plaintiff advising him that he allegedly owed a debt in the amount of $2,187.53. See Exhibit A, the October 27, 2009, correspondence from Defendant.

17. Defendant informed Plaintiff that he needed "to resolve this matter and prevent any further collection activity...." See Exhibit A, the October 27, 2009, correspondence from Defendant.

18. Further, Defendant threatened Plaintiff, "IT IS NOT IN YOUR BEST INTEREST TO NEGLECT THIS ACCOUNT!" See Exhibit A, the October 27, 2009, correspondence from Defendant.

19. Thereafter, Defendant commenced to make a series of numerous abusive telephone calls to Plaintiff in an attempt to collect the alleged debt.

20. In November 2009 and December 2009, Defendant contacted Plaintiff at least two (2) times each day, once on his home phone and once on his cell

phone, with some of the calls occurring on Saturdays and Sundays, which were times inconvenient to Plaintiff.

21. Defendant placed approximately twenty (20) to thirty (30) calls to Plaintiff.

22. Then, on December 9, 2009, Defendant sent correspondence to Plaintiff threatening, "If this matter remains unresolved, we will have no other alternative but to evaluate your credit history and present financial circumstances, then proceed accordingly." See Exhibit B, the December 9, 2009, correspondence.

23. Further, Defendant threatened, "You now have an extremely important decision to make. The wrong choice could ultimately be more costly to you in the future...." See Exhibit B, the December 9, 2009, correspondence.

## CONSTRUCTION OF APPLICABLE LAW

24. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

PLAINTIFF'S COMPLAINT

25. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §§ 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

26. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

PLAINTIFF'S COMPLAINT

## COUNT I

27.   Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

b. Causing the telephone to ring repeatedly or continuously with intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

c. Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. §1692e;

d. Threatening to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

e. Using any false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10); and

f. Acting in an otherwise unfair and unconscionable manner to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ALLAN FRANK, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

DATED: January 8, 2010

RESPECTFULLY SUBMITTED,

ALLAN FRANK,

By his Attorney,

/s/ Kate Shumaker
Kate Shumaker
Kimmel & Silverman, PC

Delaware Office:
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
(302) 791-9373 phone
(302) 791-9476 fax